# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KALEN ELIZABETH LAVENDER,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 15-CV-538-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Kalen Elizabeth Lavender, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 7, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Edmund C. Weere was held March 24, 2014. By decision dated July 3, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 29, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 28 years old on the alleged date of onset of disability and 30 at the time of the ALJ's denial decision  She has a high school education and formerly worked as a cashier, office manager, chief financial officer, and an administrator of health services. She claims to have been unable to work since September 24, 2012 as a result of pain from shingles, narcolepsy, bipolar disorder, anxiety, and social phobia.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following non-exertional limitations:  understand, remember, and carry out simple instructions consistent with unskilled work that is repetitive and routine in nature; able to relate and interact with co-workers and supervisors on a work-related basis; and no or minimal interaction with the general public.  [R. 20].  Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these

2

limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to include all of her limitations in the RFC; the ALJ failed to adequately develop the record; and the ALJ failed to properly evaluate her credibility.

## **Analysis**

### **RFC Limitations**

#### Shingles

Plaintiff argues that the ALJ erred by failing to include any RFC limitations related to pain from shingles. The ALJ relied on the opinions of the Disability Determination Service (DDS) physicians who are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(e)(2)(i); 20 C.F.R. § 416.927(e)(2)(i). These experts reviewed Plaintiff's medical records and concluded that Plaintiff did not have any functional limitations due to physical factors, including shingles. [R. 69-70, 83]. According to Plaintiff, she suffers painful shingles outbreaks frequently and these outbreaks would prevent her from working several days a month due to pain and medication side effects. [Dkt. 16, p. 3]. Plaintiff pointed to a number of places in the record where she was treated for shingles and states that the record does not include all of her outbreaks because she has a permanent refill on the antiviral medication used for treatment.

The undersigned notes that some of the records Plaintiff cited were generated before the alleged onset date when Plaintiff was still working. After the alleged onset date, September 24, 2012, the record reflects a visit to her doctor on November 18, 2013 for complaints of shingles pain. She was treated with Lidoderm patches and given 4 refills of them. [R. 345]. On January 22, 2014, Plaintiff presented to the Craig County emergency room with complaints of shingles pain which the record reflects started four days earlier. She was given an antiviral prescription with no refills. [R. 352]. There are instances in the record in 2011 when Plaintiff was given multiple refills of the antiviral medication, but the last of those was in August 2011 when 4 refills were prescribed. [R. 284]. Two outbreaks of shingles were recorded in 2012, the last of which was June 26, 2012, [R. 276]. Multiple refills were not prescribed at that time and there were no more outbreaks recorded until November 2013.[2]  The undersigned finds that substantial evidence supports the ALJ's determination that there are no functional limitations related to shingles.

### Narcolepsy and Medication Side Effects

Plaintiff argues that the ALJ erred by failing to include limitations in the RFC related to narcolepsy and fatigue. Plaintiff points to the existence of sleep studies which suggest she may have narcolepsy and a July 2014 doctor visit where she complained of feeling sleepy. Plaintiff also notes that her doctor completed a form to enable her to get a handicapped parking permit. The July 2014 records were generated after the ALJ's July 3, 2014 decision.

---

[2] In records generated after the ALJ's decision which were submitted to the Appeals Council, shingles pain was noted. [R. 378].

The ALJ noted the September 17, 2013 sleep study which showed narcolepsy without cataplexy. [R. 23, 361]. The ALJ took "judicial notice" that the jobs identified by the vocational expert do not involve significant exposure to hazards such as being around unprotected heights and dangerous moving machinery. [R. 23]. Plaintiff is critical of the ALJ's use of the term "judicial notice." [Dkt. 16, pp. 5-6]. The undersigned finds no error in the ALJ's taking notice of the content of the Dictionary of Occupational Titles (DOT), as the DOT is among the several publications of which the Commissioner takes administrative notice. 20 C.F.R. § 404.1566(d)(1), 416.966(d)(1).

Plaintiff argues that conveyor belts, nailing, and assembly tools used in the jobs identified by the vocational expert should not be used by one diagnosed with narcolepsy because they present a danger to her. [Dkt. 16, p. 6]. Plaintiff's speculation in this regard does not override the absence of any evidence of functional limitations related to narcolepsy in the medical record. The ALJ noted Plaintiff's November 18, 2013, visit to her treating physician, Dr. Phillips, where he recorded Plaintiff denied anxiety, depression, and sleep disturbances. [R. 23, 345]. The undersigned notes that although narcolepsy without cataplexy was suspected since a sleep study conducted January 2012, [R. 370-372], until July 22, 2014, Dr. Phillip's notes do not reflect any complaints related to narcolepsy. [R. 310-312, 345-348]. The undersigned finds no error in the ALJ's conclusions related to narcolepsy.

The July 22, 2014 records were submitted to the Appeals Council. The Appeals Council found that the additional medical records did not provide a basis for changing the ALJ's decision. [R. 2]. The undersigned finds that the single reference to excessive sleepiness does not present a basis for remanding the case for further consideration. *See*

5

*O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)(new evidence submitted to the Appeals Council new evidence becomes part of the administrative record to be considered by the court when evaluating the Commissioner's decision for substantial evidence).

## Hand Tremors

Plaintiff argues that the ALJ erred in failing to include RFC limitations for a hand tremor which she alleges is caused by medications. Aside from Plaintiff's testimony, there is no indication in the record that Plaintiff suffers from a hand tremor. The undersigned finds no error in the ALJ's omission of a functional limitation that has no medical support in the record.

## Attention, Concentration, and Pace

The DDS psychologists who reviewed Plaintiff's mental health records and opined as to her mental RFC found Plaintiff had moderate limitations in the ability to maintain attention and concentration for extended periods. [R. 67, 80]. One of the psychologists also found Plaintiff was moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. [R. 81]. Both psychologists found that Plaintiff has the ability to work performing simple tasks with routine supervision and that she can adapt to a work situation. [R. 68, 81].

The Tenth Circuit has rejected Plaintiff's argument that an ALJ errs by failing to include moderate limitations in an RFC finding where, as here, the ALJ has incorporated the functional limitations into the RFC. *Smith v. Colvin*, 821F.3d 1264, 1269 (10th Cir.

2016).  *See also Virgil v. Colvin*, 805 F.3d 1199, 1205 (10th Cir. 2015), *Lee v. Colvin,* 631 Fed.Appx. 538, 541-42 (10th Cir. 2015) (unpublished).

## Development of the Record

There is no merit to Plaintiff's argument that the ALJ failed to develop the record. The ALJ's determination that the medical record did not support Plaintiff's claim of disability does not indicate that the record was insufficient to make a decision.

## Credibility

"[C]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."  *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (internal quotation marks omitted).  Those findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id*. (internal quotation marks omitted).  Throughout the denial decision the ALJ pointed to evidence contradictory to Plaintiff's testimony:  lack of abnormal findings on examination; findings were in line with the RFC; and mental examination findings failed to support disabling mental condition.  [R. 22, 23].  The undersigned finds that the ALJ sufficiently linked his credibility finding to the record and that the finding is supported by substantial evidence.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's

decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before October 5, 2016.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 21st day of September, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE