UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KALEN ELIZABETH LAVENDER,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. 15-CV-0538-CVE-FHM
                                     )
CAROLYN W. COLVIN,                   )
Acting Commissioner, Social          )
Security Administration,             )
                                     )
                                     )
            Defendant.               )

## OPINION AND ORDER

Now before the Court is the Report and Recommendation (Dkt. # 23) of Magistrate Judge Frank H. McCarthy recommending that the Court affirm the Commissioner's decision to deny plaintiff's claim for Social Security disability benefits. Plaintiff has filed an objection to the report and recommendation and asks the Court to remand the case for further administrative proceedings. Dkt. # 24. Defendant responds, asking the Court to adopt the magistrate judge's report and recommendation. Dkt. # 25, at 1.

### I.

On January 4, 2013, plaintiff protectively filed an application for Title II disability benefits, alleging disability beginning September 24, 2016. Dkt. # 11, at 62, 63. Plaintiff's application stated that she suffered from bipolar disorder, anxiety disorder, narcolepsy, social phobia, shingles, and depression. Id. at 63. Plaintiff's claims were denied initially on April 3, 2013, and upon reconsideration on May 29, 2013. Id. at 73, 86. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and that hearing was held on March 24, 2014. Id. at 33.

Plaintiff appeared at the hearing and was represented by an attorney. Id. Plaintiff was 30 years old at the time of hearing and testified that she lived with her husband and ten-year-old son in a mobile home on her parents' property. Id. at 39. Neither plaintiff nor her husband had worked since 2012. Id. Plaintiff completed high school, and before the date of her alleged disability onset, plaintiff worked as the chief financial officer of a family-run hospice company. Id. at 39-40. Plaintiff testified to a variety of physical and mental complaints, including recurrent shingles, trouble sleeping, anxiety, bipolar disorder, shaky hands, trouble sitting for long periods of time, narcolepsy, and fatigue. Id. at 41-45. For these ailments, plaintiff took a number of medications, which caused her to become dizzy and have troubles with her balance. Id. at 51.

Plaintiff testified that she got shingles about once every three months and each episode lasted between one and four weeks. Id. at 43, 45. Plaintiff described her shingles episodes as "an itching sensation and then it turns into burning. And it stays burning for the majority of the time and then towards the end it lightens up a little." Id. at 46. Plaintiff further described her shingles as feeling like her body was attacking itself. Id. Plaintiff testified that her shingles were a very severe rash that burns to the touch and usually afflict her face and legs. Id. Plaintiff testified that when she has a shingles episode, she lays in bed, wearing as little clothing as possible because the fabric irritates her skin, and she only gets up to go the bathroom. Id. at 47. During these times, her husband brings plaintiff food and drinks in bed. Id. Plaintiff also avoids going outside when she has shingles because it is contagious to young children, pregnant women, and the elderly. Id. Plaintiff has been prescribed an anti-viral medicine, Valtrex, for her shingles. Id. at 46. However, plaintiff testified that she does not always go to the doctor when she gets shingles because she can refill her prescription as needed since she has had shingles so often. Id. at 53. A vocational expert also testified that if an employee

were absent from work for more than two days per month, she would not be able to sustain competitive work. Id. at 57.

On July 3, 2014, the ALJ issued a written decision finding that plaintiff was not disabled. Id. at 18. The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date, but that plaintiff had received unemployment benefits after the alleged onset date. Id. at 20. The ALJ found that plaintiff had the following severe impairments: narcolepsy, bipolar disorder, generalized anxiety disorder, and social phobia. Id. The ALJ found that plaintiff's low back pain syndrome, obesity, and shingles were non-severe impairments. Id. The ALJ further found that plaintiff did not have an impairment or combination of impairments that was equivalent to one of those listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Id. at 21. The ALJ then formulated plaintiff's residual functional capacity (RFC), taking into account the medical evidence and testimony. Id. He found that plaintiff had the RFC to understand and perform unskilled, repetitive tasks and relate and interact with co-workers and supervisors, but that plaintiff could only have minimal or no contact with the general public. Id. at 23. The ALJ concluded that plaintiff could not perform any past relevant work, but that plaintiff could perform other jobs existing in significant numbers in the national economy. Id. at 27-28.

On July 29, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Id. at 4. Plaintiff thereafter sought judicial review, arguing that the ALJ erred by failing to include limitations in the RFC findings caused by: shingles; narcolepsy; the side effects of plaintiff's medication; hand tremors; and limitations related to attention, concentration, and pace. Dkt. # 16, at 2-10. Plaintiff also argued that the ALJ erred by failing to develop the record and failing to properly evaluate plaintiff's credibility. Id. at 10-12. The Court referred the case to the magistrate

judge, who entered a report and recommendation (Dkt. # 23) recommending that the Court affirm the ALJ's decision. Plaintiff objects to the report and recommendation, arguing that the magistrate judge improperly inserted post hoc reasoning for the ALJ's failure to discuss plaintiff's shingles and the ALJ's failure to include narcolepsy limitations in the RFC; that the magistrate judge ignored binding Tenth Circuit precedent by rejecting an argument that the ALJ should have provided reasons for ignoring plaintiff's moderate limitations stemming from attention, concentration, and pace; and that the magistrate judge failed to distinguish cases to which plaintiff cited, or provide meaningful analysis, regarding her claims that the ALJ failed to develop the record and that the ALJ improperly determined plaintiff's credibility. Dkt. # 24. Defendant argues that the ALJ did not err by failing to include plaintiff's shingles, narcolepsy, or medication side effects in his RFC analysis because limitations based on these conditions were not supported by the medical record; that the ALJ provided adequate limitations in the RFC to address plaintiff's limitations in attention, concentration, and pace; and that the ALJ was not required to further develop the record. Dkt. # 25.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

### III.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five-step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The ALJ is "not required to discuss every piece of evidence" when reviewing a claim for benefits. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). He is, however, required to "discuss the uncontroverted evidence he [does] not . . . rely upon, as well as the significantly probative evidence he rejects." Id. at 1010; cf. McDaniel v. Astrue, No. CIV. 07-811-D, 2008 WL 4858272, at * 6 (W.D. Okla. Nov. 10, 2008) (affirming Commissioner's denial of benefits where Commissioner noted that the diagnosis of major depressive disorder was inconsistent with other information in the record, and that plaintiff's failure to remedy that disorder suggested that it was "caused by situational difficulties" and was "transient or intermittent"). "The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). Moreover, the Tenth Circuit has provided a three-step process for addressing a claimant's subjective allegations of pain.

> The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (quoting Musgrave v. Sullivan, 966 F.2d. 1371, 1375-76 (10th Cir. 1992).

Plaintiff argues that the ALJ should have considered plaintiff's pain and limitations from shingles in his RFC finding. Dkt. # 16, at 2. Defendant argues that limitations from shingles are not supported by the medical record. Dkt. # 25, at 1. Plaintiff testified extensively about the pain caused by her shingles. See Dkt. # 11, at 43-53. Plaintiff's medical records show that she suffers from recurring shingles (approximately twice a year), and that at least some of the occurrences cause

severe pain. See id. at 237 (July 2011 visit to the ER for rash on legs with moderate distress and tenderness of the affected areas), 282 (April 2012 visit to doctor for shingles on the face that were very sore and infected), 279 (June 2012 visit to doctor for "severe shingles on head and face"), 348 (November 2013 visit to doctor for "lots of pain in neck from shingles"), 355 (January 2014 visit to the ER for severe pain and itching in neck and face from shingles), 384 (July 2014 visit to doctor in which plaintiff complained of shingles pain). The ALJ found that plaintiff's shingles were a non-severe impairment. Dkt. # 11, at 20. The ALJ did not explain his decision other than citing to the initial disability determination explanation and reconsideration disability determination explanation (id., at 63-73, 75-87) prepared by physicians from the Oklahoma Disability Determination Division (ODDD). See id. at 20. The ALJ subsequently made clear that he was giving "great weight" to the ODDD physicians. Id. at 26. However, the ALJ provided no reasoning why he was giving these opinions great weight. See id. The ALJ did not include plaintiff's pain and limitations from shingles in his RFC finding, nor did he explain his reasoning for not including them. See id. at 23-27.

The ALJ has failed to make required findings pursuant to the three-step process set out in Luna. The plaintiff established a pain-producing impairment through her medical records (recurring shingles). There is a "loose nexus" between shingles and plaintiff's subjective allegations of pain (the burning, itching, and sensitivity plaintiff alleges are expected when suffering from shingles). Therefore, the ALJ was required to consider her assertions of pain and decide whether he believed them. Thompson, 987 F.2d at 1489. The ALJ stated that plaintiff's "statements concerning the intensity, persistence and limiting effects of [plaintiff's] symptoms are not entirely credible for the reasons explained in this decision." Dkt. # 11, at 24. The ALJ then summarized some of plaintiff's

medical records,[1] stated he was giving great weight to the ODDD physician's findings, and stated his conclusion that plaintiff's impairment is not severe enough to prevent her from participating in substantial gainful activity. See id. at 26-27. The ALJ was not required to address each factual statement made by plaintiff, see Keyes-Zachary v. Astrue, 695 F.3d 1156, 1169 (10th Cir. 2012), but conclusions in the guise of findings will not suffice, Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir.2004). The ALJ has failed to consider plaintiff's assertions regarding her shingles and decide whether the ALJ believes them as required by the Tenth Circuit in Luna. On remand, the ALJ should reassess plaintiff's testimony and medical records about plaintiff's shingles and consider her shingles' possible affect on plaintiff's RFC.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 23) is **rejected**. The Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 19th day of October, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The ALJ's summary of the medical records includes only one of plaintiff's visits to her doctor for shingles. See Dkt. # 11, at 26 (discussing plaintiff's November 2013 visit to her doctor). The magistrate judge "note[d] that some of the records Plaintiff cited were generated before the alleged onset date when Plaintiff was still working" before discussing only the medical records from after plaintiff's alleged onset date. Dkt. # 23, at 4. However, the ALJ should have "consider[ed] all the evidence," Thompson, 987 F.2d at 1488 (emphasis added), and even if the ALJ could disregard some of plaintiff's evidence, the Court cannot substitute its judgment for that of the ALJ, Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); see also Winfrey v. Chater, 92 F.3d 1017, 1025 (10th Cir. 1996) ("[T]he ALJ himself must make the required findings on the record.").