UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KALEN ELIZABETH LAVENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0538-CVE-FHM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, Social ) | |
| Security Administration ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (Dkt. # 28) and plaintiff's brief in support of her motion (Dkt. # 29). Plaintiff requests $5,977.40 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Defendant objects, arguing that plaintiff is not entitled to attorney fees because defendant's position in this case was substantially justified. Dkt. # 30, at 1.

On January 4, 2013, plaintiff protectively filed an application for Title II disability benefits, alleging disability beginning September 24, 2012. Dkt. # 11, at 62, 63. Plaintiff's application stated that she suffered from bipolar disorder, anxiety disorder, narcolepsy, social phobia, shingles, and depression. Id. at 63. On July 3, 2014, an administrative law judge (ALJ) issued a written decision finding that plaintiff was not disabled. Id. at 18. The ALJ found that plaintiff had the following severe impairments: narcolepsy, bipolar disorder, generalized anxiety disorder, and social phobia. Id. The ALJ found that plaintiff's low back pain syndrome, obesity, and shingles were non-severe impairments. Id. The ALJ determined the plaintiff's residual functional capacity (RFC) without

mention of possible limitations due to plaintiff's shingles. Id. at 20. Based on plaintiff's RFC and the testimony of a vocational expert, the ALJ determined that there were a significant number of jobs in the national economy that plaintiff could perform. Id.

Plaintiff appealed the ALJ's decision, arguing, inter alia, that the ALJ erred by failing to consider plaintiff's limitations from her shingles when formulating plaintiff's RFC. Dkt. # 16, at 2-4. Defendant argued that the ALJ was not required to include limitations from plaintiff's shingles because the medical record did not support limitations based on shingles. Dkt. # 19, at 7-9. A magistrate judge entered a Report and Recommendation (Dkt. # 23) recommending that the Court affirm defendant's decision to deny plaintiff's claim. Plaintiff objected, arguing, inter alia, that the magistrate judge improperly inserted post hoc reasoning for the ALJ's failure to discuss plaintiff's shingles. Dkt. # 24, at 1-2. Defendant continued to assert that the ALJ did not err by failing to include plaintiff's shingles in his RFC analysis because limitations based on shingles were not supported by the medical record. Dkt. # 25, at 1. The Court found that the ALJ failed to make the required findings regarding plaintiff's shingles, and entered an Opinion and Order (Dkt. # 26) reversing and remanding the ALJ's decision for reconsideration of plaintiff's testimony and medical records about plaintiff's shingles and her shingles' possible affect on plaintiff's RFC. Dkt. # 26, at 8. Plaintiff now asks the Court for attorney fees under the EAJA in the amount of $5,977.40.

Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees

unjust in this case. Dkt. # 30. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that her position was substantially justified by proving her case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.

Defendant argues that she had a reasonable basis in law and fact for believing that the ALJ's findings regarding plaintiff's shingles were supported by the record and did not warrant remand. Dkt. # 30, at 2. The Court determined that the ALJ failed to make findings required by Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). Under Luna, once a plaintiff establishes a pain producing impairment by objective medical evidence, and a loose nexus between the impairment and her subjective complaints of pain, the court must consider all the evidence and determine whether the pain is in fact disabling. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (quoting Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir. 1992)). Here, in her hearing with the ALJ, plaintiff testified extensively about the pain caused by her shingles, and the medical record shows that plaintiff suffers from recurring shingles approximately twice a year. See Dkt. # 11, at 43-53, 237, 279, 282, 348, 355, 384. The ALJ found that plaintiff's shingles were a non-severe impairment, but failed to adequately explain his decision. Id. at 20. Further, the ALJ did not include plaintiff's pain and limitations from shingles in his RFC finding, nor did he explain his reasoning for not including them. See id. at 23-27.

Defendant's position that the ALJ's findings regarding plaintiff's shingles were sufficient was not substantially justified. Plaintiff's medical record clearly establishes a pattern of shingles accompanied by complaints of severe pain. In plaintiff's hearing with the ALJ, plaintiff testified at length about her pain from shingles and her limitations when her shingles recur. Thus, plaintiff presented objective medical evidence of a pain producing impairment and a loose nexus between that impairment and her subjective allegations of pain. Under Luna, the ALJ was required to make findings regarding the possible disabling effect of plaintiff's shingles. Instead, the ALJ failed to even mention plaintiff's shingles when calculating her RFC. Thus, the Court finds that defendant's position was not "justified to a degree that could satisfy a reasonable person."

Defendant has not objected to the amount of EAJA fees requested by plaintiff's counsel. The Court has reviewed the hours and rate submitted by plaintiff's counsel and finds that the amount is reasonable. Further, if plaintiff's counsel is ultimately awarded attorney fees under 42 U.S.C. § 406(b), counsel must refund to plaintiff the smaller of the EAJA award or the § 406(b) award pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (Dkt. # 28) is **granted**, and plaintiff shall be awarded attorney fees in the amount of $5,977.40. A separate judgment is entered herewith as to the award of attorney fees.

**DATED** this 19th day of January, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE